16-4210-cv
Eyshinskiy v. Kendall, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of June, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                         *Circuit Judges*,
             LAWRENCE J. VILARDO,[1]
                         *District Judge*.

_____

GENNADIY EYSHINSKIY,

                         *Plaintiff-Appellant*,

             v.                                          16-4210-cv

ENRIC KENDALL, Former Principal of Flushing High School,
AIMEE HOROWITZ, Executive Superintendent of Renewal
Schools, NEW YORK CITY DEPARTMENT OF EDUCATION,
TYEE CHIN,

                         *Defendants-Appellees*.

_____

Appearing for Appellant:     Bryan D. Glass, Glass Krakower LLP, New York, NY.

_____

[1] Judge Lawrence J. Vilardo, United States District Court for the Western District of New York, sitting by designation.

Appearing for Appellees:      Julie Steiner, Assistant Corporation Counsel (Deborah A. Brenner, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Gennadiy Eyshinskiy appeals from the December 1, 2016 judgment of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing Eyshinskiy's amended complaint, which alleged First Amendment retaliation under 42 U.S.C. § 1983 and a violation of New York Civil Service Law § 75-b against Defendants-Appellees Enric Kendall, Aimee Horowitz, Tyee Chin, and the New York City Department of Education (the "DOE") (collectively, the "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). When reviewing the dismissal of a complaint for failure to state a claim, we "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

"A plaintiff asserting a First Amendment retaliation claim must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (internal quotation marks omitted).

"A court conducts a two-step inquiry to determine whether a public employee's speech is protected: The first requires determining whether the employee spoke as a citizen on a matter of public concern." *Id.* (internal quotation marks omitted). If the answer is yes, a court must then determine "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the public based on the government's needs as an employer." *Id.* (internal quotation marks omitted).

The first inquiry encompasses two separate questions: "(1) whether the subject of the employee's speech was a matter of public concern and (2) whether the employee spoke as a citizen rather than solely as an employee." *Id.* (internal quotation marks omitted). "If the answer to either question is no, that is the end of the matter." *Id.*

In this case, we need only address the second question of the first inquiry: whether the employee spoke as a citizen rather than solely as an employee. To answer, a court asks two subquestions: "(A) did the speech fall outside of the employee's official responsibilities [or duties], and (B) does a civilian analogue exist?" *Id.* at 173 (internal quotation marks omitted).

To determine whether speech falls outside an employee's official duties, a court "must examine the nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two. Other contextual factors, such as whether the complaint was also conveyed to the public, may properly influence a court's decision." *Ross v. Breslin*, 693 F.3d 300, 306 (2d Cir. 2012) (internal citation omitted). Fundamentally, we have held that public employee speech is not protected if it is "part-and-parcel of [the employee's] concerns about his ability to properly execute his duties." *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 203 (2d Cir. 2010) (internal quotation marks omitted). "Speech has a relevant civilian analogue if it is made through channels available to citizens generally." *Matthews*, 779 F.3d at 175 (internal quotation marks omitted). "[A]n indicium that speech by a public employee has a civilian analogue is that the employee's speech was to an independent state agency responsible for entertaining complaints by any citizen in a democratic society regardless of his status as a public employee." *Id.*

In the instant case, the district court determined that Eyshinskiy's amended complaint failed to allege that he spoke as a citizen rather than as an employee. We agree.

Viewing the allegations in the light most favorable to Eyshinskiy, the amended complaint fails to plead facts showing that his speech fell outside his official duties. In his position as Assistant Principal for mathematics at Flushing High School, Eyshinskiy's job responsibilities included observing and evaluating Flushing's math teachers. His speech in question here involved those very responsibilities: observing Flushing High School's math teachers and uploading his evaluations onto the Department of Education's Advance web application. These tasks were "part-and-parcel" of his official duties as an assistant principal. *Weintraub*, 593 F.3d at 203.

Furthermore, Eyshinskiy's statements and actions in defense of his evaluations are similarly unprotected. Eyshinskiy fails in his attempt to liken his case to our decision in *Jackler v. Byrne*. 658 F.3d 225, 241 (2d Cir. 2011). In *Jackler*, the plaintiff alleged that his supervisors "attempted to force him to withdraw the truthful report he had filed and to submit one that was false." *Id.* at 241. We held that the plaintiff's refusal to do so was protected speech, at least in part because his "refusals to accede to [his supervisors' repeated] demands constituted speech activity that was significantly different from the mere filing of his initial [r]eport." *Id.*

Unlike *Jackler*, however, the context here does not indicate that Eyshinskiy's statements and actions in defense of his evaluations were speech activity significantly different from his teacher evaluations. Although Eyshinskiy offers a threadbare recital that he was "pressure[d] . . . to commit a wrongful act," App'x at 20 ¶ 32, Eyshinskiy does not allege that Kendall and Chin attempted to force him to withdraw his evaluations and submit false ones. Rather, the amended complaint states that Kendall and Chin "disputed" and "questioned" Eyshinskiy's evaluations on several instances, App'x at 18 ¶¶ 20-22; Kendall "interrogated" assistant principals (including Eyshinskiy) about their evaluations, App'x at 19 ¶ 23; and Chin "demanded" that Eyshinskiy submit his evaluations to him before providing them to the teachers, App'x at 21 ¶ 35. As the district court stated, "[r]equiring the plaintiff to submit his reports for review, or to apply a more

3

demanding standard to teacher ratings, do[es] not constitute blatantly wrongful conduct." *Eyshinskiy v. N.Y.C. Dep't of Educ.*, 2016 WL 7017414, at *2 (S.D.N.Y. Dec. 1, 2016).

Moreover, Eyshinskiy's speech does not have a relevant civilian analogue. Eyshinskiy's speech was not directed through "channels available to citizens generally," *Jackler*, 658 F.3d at 238, but instead was made through the Department of Education's Advance web application or directly to his supervisors. None of Eyshinskiy's complaints was directed to "an independent state agency responsible for entertaining complaints by any citizen . . . regardless of his status as a public employee." *Matthews*, 779 F.3d at 175 (internal quotation marks omitted).

We have considered the remainder of Eyshinskiy's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4